Endaily v. The State.

## ENDAILY v. THE STATE.

EVIDENCE: *Of other offenses than the one charged, inadmissible.*
On a trial for the larceny of a horse, evidence of the stealing of a saddle
from another party soon afterward to equip the horse for riding, is not
admissible to prove the intent in taking the horse, nor can the jury
consider it, if admitted, as a circumstance in making up their verdict
as to the larceny of the horse. It is a distinct offense, and one theft
can not be proved by evidence of another.

APPEAL from *Conway* Circuit Court.
Hon. W. D. JACOWAY, Circuit Judge.

The appellant:

1.   The intention to steal must be formed in the begin-
ning, and no conversion afterwards constitutes larceny.
*Fulton v. State, 13 Ark., 168; Dove v. State, 37 Ark., 262.*

2.   Proof of other thefts than as charged in the indict-
ment, not competent. (*Dove v. State, supra; Greenleaf Evi-
dence, —.*)   The sixth instruction error.

*Moore, Attorney-General,* for the State.

ENGLISH, C. J.   Robert Endaily and John Claybough
were jointly indicted in the Circuit Court of Conway
County for stealing a mare and a horse, the property of
Jack Owen.

Endaily was arraigned, pleaded not guilty and put upon
trial.

Jack Owen, witness for the State, after stating some facts
not material to be noticed on this appeal, testified that after
defendant had been pursued and captured, he said that
they (he and Claybough) took the horses immediately after
dark, intending to ride them one night and turn them loose,

but that after they rode them one night, they concluded they were safe, and would then steal the horses, and they lay out in the woods next day.

Witness was permitted to state further, against the objection of defendant, that defendant said "that after they got the horses, they stole a bridle about a mile from where they got the horses, and some half mile further on they found a horse hitched near a house, and they took the horse off a short distance, and took the saddle and bridle off, and turned the horse loose, and that they got another saddle off a fence near a house about a mile further on. These saddles and bridles they put on the horse and mare, and traded them with the horses." The saddles and bridles belonged to persons other than Owen.

Other evidence was introduced without objection, conducing to prove that the purpose of defendant and his accomplice was to steal the horse and mare when they took them from the premises of their owner.

Against the objection of defendant the court gave the following instruction to the jury:

"6. If you believe from the evidence that defendant and Claybough took the horse and mare of Jack Owen, mentioned in the indictment, intending only at the time to ride them a distance and abandon them, and with no intention whatever at the time of the taking to deprive the owner of the property, and convert the same to their own use, then the crime of larceny was not committed. But if you find that they took said property after night, without the knowledge or consent of the owner, and that near the place of such taking they took bridles and saddles with which to equip the horses for the journey, and pursued such journey during the night of the taking, concealing themselves during the following day to prevent apprehension or capture, and instead of abandoning the horses, rode them to

another county, and sold or traded them, these and other like circumstances, if proven, are proper to be considered by you in order to determine the real intent with which they took the horses." .

Defendant was found guilty, sentenced to the penitentiary for five years, and refused a new trial.

I.   The taking of the bridle, and the taking of the saddle and bridle, and the taking of the second saddle, were distinct and separate thefts from the larceny charged in the indictment, and it was not competent for the State to prove these separate and distinct offenses by the admissions of appellant, or otherwise, on his trial upon the charge of stealing the horse and mare.

II.   It was also error to charge the jury that they might take into consideration the distinct and separate thefts in making up their verdict as to the guilt of appellant of the offense for which he was on trial.   See *Dove v. State, 37 Ark., 261.*

Reversed and remanded for a new trial.